CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Priority ___ ✓ Send ___
Entered ___ ✓ Closed ___
JS-5/JS-6 ___ JS-2/JS-3 ___
Scan Only ___ Docketed on CM ___
✓ THIS CONSTITUTES NOTICE OF
ENTRY AS REQUIRED BY FRCP 77(d)

5-9-07

EASTERN DIVISION
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELITE ALUMINUM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KATHY TROUT, SQUIRREL HOLLOW ENTERPRISES d/b/a DURAFORM BUILDING PANELS, and OUTBACK PATIO & SUNROOMS, INC.,<br><br>Defendants. | CASE NO. CV-06-5664-SGL (OPx)<br><br>ORDER SEVERING COUNTERCLAIMS ONE THROUGH THREE AND CONSOLIDATING COUNTERCLAIMS ONE THROUGH THREE WITH COMPLAINT FILED IN CASE NO. EDCV-06-830-SGL (OPx) |

Both Squirrel Hollow Enterprises d/b/a Duraform Building Panels ("Squirrel Hollow") and Elite Aluminum Corporation ("Elite") are manufacturers of composite, interlocking aluminum panels for use in the construction of factory-built housing.

Elite has filed suit against Kathy Trout and Squirrel Hollow for infringement of Elite's patent, United States Patent No. 5,502,939 (the "939 patent"). In a related case, Squirrel Hollow Enterprises v. Elite Aluminum Corporation, United Duralume Products, and Ray Adams, Case No. EDCV-06-830-SGL (OPx), Squirrel Hollow is suing Elite for various federal and state false advertising and unfair competition claims predicated upon the assertion that, in selling its products, Elite has misrepresented its panels conform to certain thickness and foam density specifications (namely, the

assertion that Elite's panels have aluminum facings with a thickness of .024 inch and that the foam it is adhered to has a nominal density of 2 pounds per cubic foot). In Squirrel Hollow's false advertising/unfair competition case, Squirrel Hollow also brought a claim for a declaratory judgment that its panels did not infringe Elite's '939 patent.

The Court in an Order dated December 20, 2006, dismissed Squirrel Hollow's declaratory judgment claim, ruling that the patent and trademark issues being litigated between the parties should be kept separate. As explained by the Court:

> To the extent, however, that either side is requesting for the Court to formally consolidate the present case with the related action, the Court is disinclined to do so at this time. Although it makes sense to dismiss Squirrel Hollow's declaratory judgment claim in favor of allowing such litigation to be pursued in Elite's direct patent infringement case, the Court sees no benefit in terms of judicial economy or otherwise to consolidate Squirrel Hollow's unrelated and markedly different claims so that they could be litigated in Elite's patent infringement suit. Admittedly, as noted at oral argument, there may very well be the same witnesses testifying in both matters, but the witnesses would be testifying about completely separate and distinct topics. The Court cannot envision how having the same trier of fact resolving such disparate and unrelated claims as Squirrel Hollow's false advertising causes of action and Elite's patent infringement claim would streamline or otherwise unmuddy the waters in this case. Rather, the more intuitive approach would appear to be to allow these two distinct, different, and complex causes of action to be tried separately, not as a single package for a single trier of fact to parse out.

As part of its order, the Court did allow Squirrel Hollow to amend its answer in Elite's patent infringement action to include all the claims and defenses it was seeking to raise as a declaratory judgment claim in its 06-830 litigation.

Around the same time the Court dismissed Squirrel Hollow's declaratory judgment claim in the 06-830 action, it also entered an order denying Elite's motion for a preliminary injunction in the 06-5664 patent case. Shortly thereafter, on February 12, 2007, Elite amended the complaint in the 06-5664 patent case to add as a defendant Outback Patio & Sunrooms, Inc. ("Outback"), Squirrel Hollow's principal distributor of its panels. Outback, who it might be added is represented by the same counsel as

2

representing the Squirrel Hollow plaintiffs in the 06-830 matter, thereafter on March 2, 2007, filed a four-count counterclaim against Elite for various federal and state false advertising and unfair competition claims (Counterclaims 1 through 3) relating to the same thickness and foam density specifications being litigated in 06-830 litigation. (Countercl. ¶¶ 18-24, 38, 45). The fourth counterclaim by Outback seeks declaratory relief that in selling Squirrel Hollow's panels Outback is not infringing Elite's '939 patent or a related patent.

Elite has now filed a motion to dismiss the federal and state false advertising and unfair competition counterclaims filed by Outback. Citing this Court's earlier order expressing a desire to have two separate trials — one on the patent claims and one on the false advertising/unfair competition claims – Elite requests that the Court dismiss Outback's first through third counterclaims and have Outback re-file those claims as an additional plaintiff in the 06-830 litigation. Outback demurs, arguing that it was involuntarily added as a defendant in Elite's patent case and that it is its right under Federal Rule of Procedure 13(b) to file the counterclaims in question as a result of being brought into Elite's patent case. Furthermore, Outback notes that it is a separate, unrelated party to the plaintiffs in the 06-830 case, that it should not be forced into litigating in two suits, and that the plaintiffs in that case cannot "adequately or legally pursue" the damages that Outback has incurred as a result of Elite's alleged false advertising and unfair competition. (Opp. at 5).

It is quite clear that to allow Outback to persist in bringing the first through third counterclaims in the Elite patent case would subvert the intention of the Court to keep the patent and false advertising/unfair competition claims tried separately. Indeed, as the Court previously noted, the disparate nature of the factual issues undergirding the suits as well as the distinct and separate nature of the legal issues involved counsels against consolidating the two cases.

Although Outback is quite correct that it has a right to bring such counterclaims under Rule 13(b) because it was named as a defendant by Elite in the patent

3

infringement case, that right is not unlimited. The Court has the power to structure the cases so as to lead to the efficient administration of justice. Rule 21 gives the Court the power to sever "any claim against a party." Although Rule 21 is entitled "Misjoinder and Non-Joinder of Parties," the courts have long held that courts may issue an order under Rule 21 even in the absence of misjoinder or non-joinder of parties, so as to structure a case for the efficient administration of justice. See 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 21.02[1] at 21-4 & n.3 (3rd ed. 2006)(citing authorities). Such severance "results in [a] separate suit by the parties involved," id § 21.02[1] at 21-8; see also id. § 21.06[1] at 21-26 ("a severed claim proceeds as a discrete, independent suit. It and the original case result in their own separate final judgments from which appeals may be taken"), but the Court in this case can offset the multiplicity-of-suits effect created through such severance by contemporaneously consolidating the severed action with the 06-830 case. See id § 21.02[5][c] at 21-17 ("Severance of claims under Rule 21 results in separate actions which may then be consolidated for various purposes if they share a common question of law or fact") & § 21.06[3] at 21-31 & n.18 (citing authorities).

Here, there is good reason to so sever Outback's first through third counterclaims and consolidate them with Squirrel Hollow's false advertising/unfair competition claims in the 06-830 matter. First, as the Court previously observed, the patent claims are separate and distinct from the false advertising/unfair competition claims. Having a jury seek to parse out in a single trial such separate and complex matters would only serve to muddy the waters and perhaps confuse the jury. By consolidating Outback's severed counterclaims with Squirrel Hollow's suit also has the added benefit of keeping together claims that share common questions of fact and law, something that is currently missing by allowing Outback to continue to pursue its counterclaims in Elite's patent infringement action. Moreover, allowing Outback to continue to litigate its counterclaims in Elite's patent action would leave the open the possibility of inconsistent results. The jury in Squirrel Hollow's 06-830 matter may view

4

the same alleged misrepresentations by Elite in a manner inconsistent with how they are viewed by the jury trying Elite's patent action where Outback's counterclaims are currently being litigated.

Admittedly, the Court could simply order, under Federal Rule of Procedure 42(b), that Outback's first through third counterclaims be tried separately without severing them from Elite's 06-5664 patent case. See id. § 21.06[1]. The problem with such an approach is that, instead of having two trials (the 06-830 matter and the 06-5664), this would lead to the creation of three matters for trial (the 06-830 matter, the patent claims in the 06-5664 matter, and then the false advertising/unfair competition claims in the 06-5664 matter). Rather than streamlining the process, separate trials would increase the inefficiency in seeking to try the cases. Moreover, nothing in separating out for trial Outback's counterclaims would negate or otherwise offset the possibility of inconsistent judgments; there still would exist two separate triers of fact passing on the merits of the exact same false advertising/unfair competition claims brought against Elite.

Another response is to allow Outback to maintain the counterclaims at issue in the 06-5664 matter up until the time of trial in the 06-830 matter and then consolidate the trial of the two at that time. The obvious retort is that, if the two are going to be tried together at some point in time, why should the Court wait until near the end of the litigation process to do so. The Court would be more hesitant to force a party to join another as a plaintiff (especially when they choose not to do so and exercised their right to bring their claims as a counterclaim in an action where they are being sued), but here both Outback and the plaintiff in the 06-830 matter are represented by the same law firm and the nature of the claims (both factually and legally) are mirror images of one another.

Accordingly, the Court hereby **SEVERS** Outback's first through third counterclaims and **CONSOLIDATES** those counterclaims with Squirrel Hollow's claims in the 06-830 matter. As such the plaintiffs in the 06-830 matter are

**ORDERED** to submit to the Court within seven (7) days of the date of this Order an amended complaint that includes Outback as a party and Outback's first through third counterclaims as direct claims against the defendants in that action.

IT IS SO ORDERED.

DATE: 5-7-07

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE